UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN STEPHEN FLOOD,<br><br>                Plaintiff,<br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 2:25-cv-00254-DGE<br><br>ORDER DENYING MOTION FOR RESTORATION OF BENEFITS (DKT. NO. 10) AND ORDER TO SHOW CAUSE |

## I.    INTRODUCTION

Plaintiff Bryan Flood is self-represented and has made a motion for restoration of his Social Security benefits. (Dkt. No. 10.) Plaintiff's short motion states that the dispute concerns Injury Related Work Expenses, that Social Security began withholding benefits after he filed his case—which he suggests is evidence of impropriety, and that he should be paid while this case is pending because he cannot afford rent and basic living expenses without Social Security benefits. (*See id.*)

ORDER DENYING MOTION FOR RESTORATION OF BENEFITS (DKT. NO. 10) AND ORDER TO SHOW CAUSE - 1

The Government provides additional detail. Plaintiff was sent a letter by Social Security on February 18, 2025 stating that his benefits were being withheld because he has been doing substantial gainful work, and that the agency will not pay benefits from January to September 2023, January to June 2024, and January 2025 through the present. (Dkt. No. 12-1 at 1.) Because the agency only stopped checks in February 2025, it claims that it overpaid Plaintiff $43,256.00. (*Id.*)

## II.    ANALYSIS

At this time, Plaintiff's motion is premature. This Court cannot review a Social Security determination until the agency's decision is final, absent a constitutional claim, which is not present here. 42 U.S.C. § 405(h); *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001). The agency's decision with respect to Plaintiff's benefits is not final, since Plaintiff can appeal it within the agency. As the letter explains, Plaintiff has 60 days from the date he received the letter to request reconsideration of the decision. (Dkt. No. 12-1 at 3.) Plaintiff also has the right to request that the agency waive his obligation to repay the overpayment, if the overpayment was not his fault or if he could not pay for living expenses if he had to repay the overpayment. (*Id.*) The letter states that he may use forms SSA-561-U2 to request reconsideration or form SSA-632-BK to request waiver.[1] (*Id.*) As the Government's brief explains, if Plaintiff's reconsideration is not successful, he may ask an Administrative Law Judge (ALJ) to review his case, he may then ask the Appeals Council to review the ALJ's decision, and only after those steps can he sue in this court. *See* 20 C.F.R. § 404.900(a).

## III.    ORDER

---

[1] These forms are publicly available online: https://www.ssa.gov/forms/ssa-561.html (Form SSA-561), https://www.ssa.gov/forms/ssa-632.html (Form SSA-632). The letter also provides information about assistance by phone. (Dkt. No. 12-1 at 5.)

ORDER DENYING MOTION FOR RESTORATION OF BENEFITS (DKT. NO. 10) AND ORDER TO SHOW CAUSE - 2

Therefore, the motion is DENIED. Plaintiff should file for reconsideration and/or waiver with Social Security before the deadline.

Additionally, the Court ORDERS Plaintiff to show cause no later than **April 18, 2025** why this case should not be dismissed for failure to state a claim due to failure to exhaust administrative remedies, as discussed above.

The Clerk is directed to calendar this event.

Dated this 8th day of April, 2025.

David G. Estudillo
United States District Judge